FILED

10/18/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0793

DA 15-0793

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 263N

IN RE THE MATTER OF ESTATE OF:

FELICIA GARLAND SULLIVAN,

      Deceased.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DP-13-232
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Terry J. Sullivan, self-represented, Missoula, Montana

      For Appellees:

          Sean Paul Bracken, Bracken Law Firm, P.L.L.C., Missoula, Montana

Submitted on Briefs:  August 31, 2016

Decided:  October 18, 2016

Filed:

                            _____
                                Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Terry Sullivan, appearing pro se, appeals from an order of the Montana Fourth Judicial District Court, Missoula County, probating the will of Felicia Garland Sullivan, his wife of 37 years. In her will, Felicia named Terry as the personal representative of her estate. At the time of her death, Felicia was survived by her three sons from a previous marriage, Alejandro, Enrique, and Pablo Arroyave (collectively, the "Arroyaves"). On appeal, Terry raises four issues concerning the District Court's allocation of assets among himself and the Arroyaves.

¶3    Terry's first two issues on appeal concern personal property and the residuary of Felicia's estate. Titled assets in the estate were specifically devised to Terry in the will. The will called for all personal property and any residue of the estate to be divided in equal shares among Terry and the Arroyaves. In addition to the titled property devised in the will, Terry claims more than $65,000 in statutory allowances, compensation, and costs associated with administration of the estate. The total value of the estate's residuary is $42,265. Because the residuary is less than the allowances and costs Terry

2

has claimed, Terry reasons he is entitled to the entire residuary, including all personal property of the estate.

¶4 Terry alleges the Arroyaves stole personal property from the estate—jewelry worth $14,536—as well as jewelry that belonged to Terry. Terry asserts the District Court erred in refusing to order the Arroyaves to return the estate's jewelry so it could be passed through the estate to Terry in partial satisfaction of his claimed allowances. The Arroyaves claimed Terry voluntarily gave them the jewelry. The Arroyaves also noted that Terry had not produced receipts or other records showing what jewelry belonged to him, independent of the estate. After weighing the evidence and competing testimony of Terry and the Arroyaves, the District Court determined the Arroyaves obtained the estate's jewelry with Terry's knowledge and permission. The District Court further determined that Terry's own jewelry was "distributed to him." Thus, there remained no residual personal property to satisfy the statutory allowances.

¶5 This Court reviews findings of fact for clear error. *Tomlin Enters., Inc. v. Althoff*, 2004 MT 383, ¶ 12, 325 Mont. 99, 103 P.3d 1069. Because the trial court is in the best position to observe and determine the credibility of witnesses, we give great weight to factual findings regarding the strength and weight of conflicting testimony. *See Tomlin*, ¶ 22. Given the conflicting testimony of Terry and the Arroyaves, which the District Court was best suited to evaluate, we see no basis in the record for concluding the District Court erred in refusing to order the Arroyaves to return jewelry to Terry.

¶6      In his reply brief, Terry cites § 72-3-606, MCA, as authority for his right as personal representative to demand the Arroyaves return the estate's jewelry. Terry did not raise this argument in his opening brief on appeal, nor did the Arroyaves raise the argument in their response brief. Pursuant to M. R. App. P. 12(3), reply briefs "must be confined to new matter raised in the brief of the appellee." Therefore, we decline to reach Terry's argument under § 72-3-606, MCA.

¶7      The final two issues Terry raises on appeal concern the allocation of income from an irrevocable trust Felicia created in 1990. By the terms of the trust agreement, net income from the trust was to be paid to Felicia during her life. Upon her death, the trust principal would be divided in equal shares among her sons, the Arroyaves. Terry was not mentioned in the trust agreement, but he claims the trust owed Felicia $515,000 in accrued, undistributed income that became property of the estate upon her death. Terry supports this claim with his own affidavit estimating the amount of undistributed income. Without independent evidence of the alleged undistributed income, the District Court found Terry's claim was "speculative and not credible." The record before us likewise lacks credible evidence of the alleged undistributed trust income. We therefore conclude the District Court did not err in refusing to include the alleged undistributed income in the estate.

¶8      Finally, Terry contends the estate was owed outstanding principal and interest on $50,000 of undistributed trust income Felicia loaned to Alejandro Arroyave in 2006. The District Court denied the claim because Terry did not produce a promissory note or other

4

credible evidence of the debt. Nothing in the record before us suggests the District Court's determination was clearly erroneous.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by the clear application of applicable standards of review. The District Court's findings of fact are not clearly erroneous. We therefore affirm the order of the District Court.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE